UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| ABENGOA BIOENERGY US HOLDING, | ) | Case No. 16-41161-659 |
| LLC, *et. al.* | ) | Chapter 11 |
| | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | **PUBLISHED** |

**O R D E R**

The matter before the Court is GUC Liquidating Trustee's Eighth Omnibus Claims Objection (Books and Records), Creditor Nguyen's Response to GUC Liquidating Trustee's Eighth Omnibus Claims Objection (Books and Records) and Reply in Support of GUC Liquidating Trustee's Eighth Omnibus Claims Objection (Books and Records).  An order was entered on September 4, 2018, which resolved some of claims objected to and the Court then took the objection to the claim of Quang Nguyen under submission.  Upon consideration of the record as a whole, the Court makes the following **FINDINGS OF FACT**:

Quang Nguyen (hereinafter "Nguyen") is a creditor who filed a claim on September 23, 2016. Nguyen was employed as a Scientist-General Manager.  *See* Affidavit of Quang Nguyen ¶ 4. Nguyen's job was based in Chesterfield, Missouri.  *See* Affidavit of Quang Nguyen ¶ 5.   In January 2014, Nguyen entered into an Amended & Restated Employment, Non-Competition Nondisclosure and Confidentiality Agreement (hereinafter "Employment Contract") with Abengoa Bioenergy New Technologies (hereinafter "ABNT") together with Abengoa Bioenergy US Holding, LLC (hereinafter "ABUS") and each of their affiliates and subsidiaries. *See* Creditor Nguyen's Response to GUC Liquidating Trustee's Eighth Omnibus Claims Objection (Books and Records)(hereinafter "Creditor Nguyen's Response"), Exhibit A; Affidavit of Quang Nguyen ¶ 2. ABNT is not a debtor in these cases.  Nguyen's salary for 2015 was $156,887.55.  *See* Creditor Nguyen's Response, Exhibit D.

Throughout his time with ABNT, Nguyen worked on the scientific development of the cellulosic ethanol plant in Hugoton, Kansas.  Nguyen developed patented technology for Abengoa and affiliates for converting cellulose to ethanol.  *See* Creditor Nguyen's Response, Exhibit C, Affidavit of Gerson Santos-Leon.  The Employment Contract that Nguyen signed with ABNT and ABUS included a yearly bonus scheme based on particular milestones for the Biomass Plant.  *See* Id. The bonuses that Nguyen could be eligible to receive were a yearly bonus and a DOE Biomass Plant milestone bonus.  *See* Creditor Nguyen's Response, Exhibit A.

For Nguyen to receive the yearly bonus from ABNT and ABUS, certain requirements regarding the conversion of cellulose to ethanol needed to be met. According to the contract, this yearly bonus is to be based on the achievement of the predefined yearly goals.  The amount awarded upon the completion of the requirements was 40% of Nguyen's salary. See Creditors Nguyen's Response, Exhibit A.

According to the Employment Contract, Nguyen could have also received a DOE Biomass Plant milestone bonus for $50,000. The requirements to receive the $50,000 DOE Biomass Plant milestone bonus are 1) the successful reception of the DOE Biomass Plant, as stated in the DOE Biomass Plant EPC and 2) that successful reception and start-up is achieved on or before the date which is 42 months after the EPC full notice to proceed.  *See* Creditor Nguyen's Response, Exhibit A, Maximum Potential Bonus.

Nguyen alleges that he is an employee of the ABUS, one of the debtors in these cases. Nguyen also alleges that he is owed both the yearly bonus and the DOE Biomass Plant bonus. Nguyen alleges that his salary was $156,887.55, which would make his yearly bonus $62,755.02. Nguyen attached his affidavit and the affidavit of Gerson Santos-Leon, former Director of Research and Development Department of Abengoa BioEnergy and all its affiliates and Executive Vice President of the Hugoton Facility to prove the completion of the requirements.  *See* Creditor Nguyen's Response, Exhibits B and C.  Nguyen has also attached, as Exhibit E, a letter dated April 8, 2015

to Abengoa Bioenergy Biomass of Kansas, LLC (hereinafter "ABBK"), which Nguyen submitted to

prove that milestones for the DOE Biomass Plant bonus were met.  ABBK is not a debtor in these

cases and has its own Chapter 11 case before the United States Bankruptcy Court for the District

of Kansas.

## JURISDICTION

The Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 151, 157, and 1334 (2016)

and Local Rule 81-9.01(B) of the United States District Court for the Eastern District of Missouri.

This is a core proceeding under 28 U.S.C. § 157(b)(2)(B)(2016).  Venue is proper in this District

under 28 U.S.C. § 1409(a) (2016).

## CONCLUSIONS OF LAW

The Court finds that Nguyen is an employee of Debtor, ABUS, under the Employment Contract.

The Employment Contract states that it was entered into with ABNT and together with ABUS and

each of their affiliates and subsidiaries.  The Court also finds that Nguyen has not submitted

enough supporting documentation to prove that he completed the requirements to receive both the

yearly bonus and the DOE Biomass Plant bonus.  The yearly bonus was to be based on the

achievement of the predefined yearly goals. Official documentation explaining these goals or the

fact that Nguyen has met these goals were not submitted.  Nguyen's affidavit alone is not sufficient

to establish completion. Exhibit D to Creditor Nguyen's Response, which is a copy of Nguyen's

paystub, only substantiates how much would be owed, with no reference to the completion of the

yearly bonus goal requirements.  Therefore, the Court is prevented from finding that Nguyen is

entitled to the yearly bonus.

The EPC contract, which defines the requirements to be met for the DOE Biomass bonus, was

not submitted.  Similarly, there was not sufficient documentation clearly stating that Nguyen met

these requirements. The affidavits of Nguyen and Santos-Leon are not enough to serve as

sufficient evidence of the completion of the requirements. The Court also finds that in the absence

of the EPC contract, Exhibit E does not appear to clearly state that every requirement pertaining to the DOE Biomass Plant bonus has been performed.  Exhibit E to Creditor Nguyen's Response, a letter dated April 8, 2015, does not mention the term "DOE Biomass Plant" and does not mention Nguyen specifically as having met his requirements to receive the DOE Biomass Plant bonus. Without the guidance of the EPC contract, Exhibit E is too vague for the Court to consider it sufficient documentation alone to prove Nguyen's entitlement to the DOE Biomass Plant bonus. Therefore,

**IT IS ORDERED** that GUC Liquidating Trustee's Eighth Omnibus Claims Objection is **SUSTAINED** and Creditor Nguyen's Claim is **DISALLOWED**.

_____

KATHY A. SURRATT-STATES
Chief United States Bankruptcy Judge

DATED:  September 9, 2019
St. Louis, Missouri

Copies to:

Office of the United States Trustee
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Suite 6.353
St. Louis, MO  63102

David A. Warfield
Thompson Coburn LLP
One US Bank Plaza
St. Louis, MO 63101

Brian James LaFlamme
Summers Compton Wells LLC
8909 Ladue Road
St. Louis, MO 63124

Mark V. Bossi
Thompson Coburn
One US Bank Plaza
St. Louis, MO 63101

Quang Nguyen
15211 Nooning Tree Ct.
Chesterfield, MO 63017