## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 16-41161-659 |
| ABENGOA BIOENERGY US HOLDING, LLC, *et al.*, | **(Jointly Administered)** |
| Debtors. | **Hearing Date and Time:** September 13, 2021 at 11:00 a.m. (CT) |
| | **Response Deadline:** August 23, 2021 at 4:00 p.m. (CT) |
| | **Hearing Location:** United States Courthouse Thomas F. Eagleton Federal Building Courtroom 7 North 111 South Tenth Street St. Louis, Missouri 63102 |

## NOTICE OF GUC LIQUIDATING TRUSTEE'S
## FORTY-FOURTH OMNIBUS CLAIMS OBJECTION
## SEEKING TO RECLASSIFY CERTAIN CLAIMS

**PLEASE TAKE NOTICE** that this objection is scheduled for hearing on September **13, 2021 at 11:00 a.m. (CT)**, before the Honorable Kathy A. Surratt-States in Bankruptcy Courtroom 7 North, in the Thomas F. Eagleton U.S. Courthouse, 111 South Tenth Street, St. Louis, Missouri 63102. You should read this paper carefully and discuss it with your attorney, if you have one.

**PLEASE TAKE FURTHER NOTICE that the failure to file a timely response may result in the Court granting the relief requested prior to the hearing date. Any response must include the following:**

a) an appropriate caption, including the title and date of the objection to which the response is directed;

b) the name of the claimant, the reference number of the proof of claim (as identified on the schedule to the attached objection), and a description of the basis for the amount of the proof of claim;

c) a concise statement setting forth the reasons why the Bankruptcy Court should not sustain the objection, including, but not limited to, the specific factual and legal bases upon which the claimant relies in opposing the objection;

d) copies of any documentation and other evidence upon which the claimant will rely in opposing the objection at a hearing;[1] and

e) the name, address, telephone number and facsimile number of a person authorized to reconcile, settle or otherwise resolve the claim on the claimant's behalf.

---

[1] If the claimant cannot timely provide such documentation and other evidence, the claimant shall provide a detailed explanation in the response as to why it was not possible to timely provide such documentation and other evidence.

Dated:  August 2, 2021                          Respectfully submitted,
        St. Louis, Missouri

                                                /s/ David D. Farrell
                                                **THOMPSON COBURN LLP**
                                                Mark V. Bossi (MO #37008)
                                                David D. Farrell (MO #39969)
                                                One US Bank Plaza
                                                St. Louis, Missouri 63101
                                                Telephone: (314) 552-6000
                                                Facsimile: (314) 552-7000
                                                mbossi@thompsoncoburn.com

                                                *and*

                                                **HOGAN LOVELLS US LLP**
                                                Erin Brady (admitted *pro hac vice*)
                                                1999 Avenue of the Stars, Suite 1400
                                                Los Angeles, CA 90067
                                                Telephone: (310) 785-4600
                                                erin.brady@hoganlovells.com

                                                *Attorneys for the GUC Liquidating Trustee*

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 2nd day of August, 2021, a true and correct copy of the *GUC Liquidating Trustee's Forty-Fourth Omnibus Claims Objection Seeking to Reclassify Certain Claims* was (i) sent via first class mail to the claimants at the addresses listed on Schedule 1, (ii) electronically filed with the Court using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system, and (iii) sent to the parties identified on the service list attached hereto as **Exhibit B** (by email, if an email address is indicated, or otherwise by regular mail).

                                                /s/ David D. Farrell

3

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| In re:<br><br>ABENGOA BIOENERGY US HOLDING LLC, *et al.*,<br><br>Debtors. | Case No. 16-41161-659<br><br>(Jointly Administered)<br><br>Response Deadline: August 23, 2021<br>Hearing Date: September 13, 2021 at 11:00 am (CT) |

**GUC LIQUIDATING TRUSTEE'S FORTY-FOURTH OMNIBUS CLAIMS**
**<u>OBJECTION SEEKING TO RECLASSIFY CERTAIN CLAIMS</u>**

> **THIS OBJECTION SEEKS TO RECLASSIFY CERTAIN CLAIMS. PARTIES RECEIVING THIS OBJECTION SHOULD REVIEW THE OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

Drivetrain, LLC, the GUC Liquidating Trustee ("<u>GUC Liquidating Trustee</u>") appointed on behalf of the above-captioned Debtors, by and through its undersigned counsel, hereby files this omnibus objection (the "<u>Objection</u>"),[1] in the above-captioned proceedings of Abengoa Bioenergy US Holding LLC., *et al.*, to the claims listed on <u>Schedule 1</u> to this Objection (the "<u>Claims</u>") filed against the Debtors. The GUC Liquidating Trustee files this Objection under sections 502(b) and 1141(a) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), Rule 3007(c) of the Local Rules of Bankruptcy Procedure for the Eastern District of Missouri (the "<u>Local Rules</u>"), and the Claims Objection Procedures Order (as defined below), for entry of an order

---

[1] Capitalized terms not defined in this Objection have the meanings given to those terms in the *Third Amended Joint Plans of Liquidation of the Debtors and the Official Committee of Unsecured Creditors under Chapter 11 of the Bankruptcy Code* [Dkt No. 1070], as modified by the *Order Confirming Third Amended Joint Plans of Liquidation of the Debtors and the Official Committee of Unsecured Creditors under Chapter 11 of the Bankruptcy Code* [Dkt No. 1443] (the "<u>Confirmation Order</u>", and as amended by the Confirmation Order, the "<u>Plan</u>").

reclassifying the Claims as set forth herein. In support of this Objection, the GUC Liquidating Trustee submits the Declaration of Timothy Daileader, the Authorized Representative of Drivetrain, LLC, attached hereto as Exhibit A (the "Daileader Declaration"), and respectfully represents as follows:

## JURISDICTION AND VENUE

1.  The Court has jurisdiction over the Debtors, their estates, all of their property, and this matter under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) and the Court may enter a final order consistent with Article III of the United States Constitution. The GUC Liquidating Trustee consents to the entry of final orders on this Objection if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution. Venue is proper under 28 U.S.C. §§ 1408 and 1409.

2.  The statutory bases for the relief requested herein are sections 502(b) and 1141(a) of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007.

## BACKGROUND

3.  On February 24, 2016 and June 12, 2016 (together, the "Petition Date"), the Debtors commenced these chapter 11 cases (the "Chapter 11 Cases") by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code, which cases are jointly administered for procedural purposes.

4.  On August 30, 2016, the Court entered the *Order Establishing Deadlines and Procedures for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* [Dkt. No. 626] (the "Bar Date Order"), setting September 28, 2016 at 5:00 p.m. (the "General Bar Date") as the last day to file proofs of claim in the Debtors' cases and setting October 17,

2016 at 5:00 p.m. (the "Initial Administrative Claims Bar Date") as the last day to file an Initial Administrative Claim Forms for alleged administrative priority claims incurred during the period from the Petition Date through June 30. 2016.  The Bar Date Order provides that "any person or entity that is required to file a timely Proof of Claim or Initial Administrative Claim Form who fails to do so on or before the applicable Bar Date associated with such claim (a) shall be forever barred, estopped, and enjoined from asserting such claim, and [the applicable] Debtor and its property may upon confirmation of a chapter 11 plan be forever discharged from all such indebtedness or liability with respect to such claim, and (b) shall not receive or be entitled to receive any payment or distribution of property from the Debtors or their successors or assigns with respect to such claim." *See* [Dkt. No. 626].

5. On June 8, 2017, the Court entered the *Order Confirming Third Amended Joint Plans of Liquidation of the Debtors and the Official Committee of Unsecured Creditors under Chapter 11 of the Bankruptcy Code* (the "Confirmation Order") [Dkt No. 1443]. The *Third Amended Joint Plans of Liquidation of the Debtors and the Official Committee of Unsecured Creditors under Chapter 11 of the Bankruptcy Code* [Dkt No. 1022 (as corrected)] (the "Plan") became effective on July 6, 2017 (the "Effective Date") [Dkt. No. 1458].

6. The Confirmation Order effectuated, among other things, the substantive consolidation of each of the Bioenergy Debtors' bankruptcy estates. *See* Confirmation Order, ¶ II. The Confirmation Order further effectuated the substantive consolidation of each of the ABI/ABIL Debtors. *Id*. The Plan and Confirmation Order further provide for the creation of the GUC Liquidating Trust and authorize the GUC Liquidating Trustee, as of the Effective Date, to "exercise all power and authority that may be exercised, commence all proceedings that may be commenced and take all actions that may be taken, by any officer, director or shareholder of the

3

Debtors with like effect as if authorized, exercised and taken by unanimous action of such officers, directors and shareholders. . . ." Plan, Article IV.

7. On the Effective Date, in accordance with the Plan, the GUC Liquidating Trust Agreement [Dkt No. 1439] was put in place to administer specified assets and liabilities for the benefit of creditors.

8. Drivetrain, LLC is acting as the duly-appointed GUC Liquidating Trustee. Section 2.2(f) of the GUC Liquidating Trust Agreement specifically authorizes the GUC Liquidating Trustee to "[r]eview settle, compromise, resolve or object to any or all Claims and Causes of Action against the . . . Debtors (other than MRA Guarantee Claims and DIP Claims all of which are Allowed under the Plan for all purposes, except as provided in the definition of MRA Guarantee Claims)."

9. On August 23, 2017, the Court entered the *Order Establishing Procedures for Claims Objections* [Dkt. No. 1538] (the "Claims Objection Procedures Order") establishing the procedures for objecting to claims.

10. The Court has entered a number of orders extending the GUC Liquidating Trustee's deadline to object to claims. Most recently, on June 11, 2021, the Court entered the *Order Extending Claims Objection Bar Date* [Dkt. No. 2190], extending the GUC Liquidating Trustee's deadline to object to claims to October 15, 2021.

**RELIEF REQUESTED**

11. Pursuant to sections 502 and 1141(a) of the Bankruptcy Code, Bankruptcy Rule 3007, Local Rule 3007(c), and the Claims Objection Procedures Order, the GUC Liquidating Trustee requests the entry of an order reclassifying the claims listed on Schedule 1 in the manner and for the reasons set forth below.

**BASIS FOR RELIEF**

A. **Claim No. 47-1 Filed Against the Bankruptcy Estate of Abengoa Bioenergy Company, LLC by Encore Energy Services, Inc. and Subsequently Transferred to Hain Capital Investors, LLC Should Be Reclassified as a General Unsecured Claim**

12. On September 19, 2016, Encore Energy Services, Inc. ("Encore") filed Claim No. 47-1 (the "Claim No. 47-1") against the bankruptcy estate of Abengoa Bioenergy Company, LLC ("ABC"), seeking the allowance and recovery of an alleged administrative priority claim in the amount of $229,317.71.

13. On or about March 17, 2017, Encore transferred Claim No. 47-1 to Hain Capital Investors, LLC ("Hain"). *See Notice of Transfer of Claim Other Than For Security* [Dkt. No. 1181] filed on March 21, 2017.

14. Pursuant to Claim No. 47-1, Encore asserted a claim for alleged damages resulting from ABC's post-rejection failure to continue to perform under certain pre-petition natural gas "base agreements" and corresponding "confirming orders" (collectively, the "ABC/Encore Prepetition Natural Gas Contracts") that this Court had previously authorized the Debtors to reject under Bankruptcy Code Section 362(a) effective as of May 31, 2016. *See Order* [Dkt. No. 351](the "Rejection Order") entered on May 31, 2016 (granting *Debtors' Motion for Entry of an Order Authorizing Rejection of Unexpired Contracts with Encore Energy Services, Inc.* [Dkt. No. 188] filed on April 1, 2016).

15. Prior to their rejection on May 31, 2016, the ABC/Encore Prepetition Natural Gas Contracts had not been assumed by ABC under Bankruptcy Code Section 365(a). *Cf* 11 U.S.C. §365(g)(1)(providing that in the case of an unassumed executory contract, rejection constitutes a breach of such contract "immediately before the date of the filing of the petition").

5

16. Based upon Debtors' books and records, Encore received payment in full for any and all post-petition natural gas and/or related services provided to ABC under the ABC/Encore Prepetition Natural Gas Contracts up through and including May 31, 2016.

17. Because it asserts a claim for alleged damages resulting from the rejection of the ABC/Encore Prepetition Natural Gas Contracts, Claim No. 47-1 should be reclassified as a general, unsecured claim in accordance with the dictates of Bankruptcy Code Section 502(g). *See* 11 U.S.C. §502(g)(1)(providing that a claim arising from the rejection of an unassumed executory contract shall be deemed to have "arisen before the date of the filing of the petition"); *U.S. v. Dewey Freight System, Inc.*, 31 F.3d 620, 624 (8th Cir. 1994)("Sections 365(g)(1) and 502(g) provide that, when an executory contract is rejected, damages on the contract that result from the rejection . . . receive the priority provided general unsecured creditors.  In other words, even if the debtor rejects [an executory contract] long after commencement of the Chapter 11 proceeding, the Bankruptcy Code declares that the damage caused by rejection is a pre-petition claim, so it will not burden the reorganizing enterprise.")(citations and quotations omitted).

18. The foregoing is true even if—as has previously been alleged—the ABC/Encore Prepetition Natural Gas Contracts constitute "forward contracts" as that term is defined in Bankruptcy Code Section 101(25).  *See* 11 U.S.C. 502(g)(2) (providing that any claim for damages resulting from the rejection and/or post-petition termination of a forward contract or other "safe harbor" contract shall likewise be deemed to have "arisen before the date of the filing of the petition.").

19. Accordingly, the GUC Liquidating Trustee maintains that Claim No. 47-1 should be reclassified and treated as a general, unsecured claim against ABC.

> **B.** **Claim No. 29-1 Filed Against the Bankruptcy Estate of Abengoa Bioenergy of Nebraska, LLC by Encore and Subsequently Transferred to Hain Should Be Reclassified as a General Unsecured Claim**

20. On September 19, 2016, Encore filed Claim No. 29-1 (the "Claim No. 29-1") against the bankruptcy estate of Abengoa Bioenergy of Nebraska, LLC ("ABNE"), seeking the allowance and recovery of an alleged administrative priority claim in the amount of $278,378.44.

21. On or about March 17, 2017, Encore transferred Claim No. 29-1 to Hain. *See Notice of Transfer of Claim Other Than For Security* [Dkt. No. 1181] filed on March 21, 2017.

22. Pursuant to Claim No. 29-1, Encore asserted a claim for alleged damages resulting from ABNE's post-rejection failure to continue to perform under certain pre-petition natural gas "base agreements" and corresponding "confirming orders" (collectively, the "ABNE/Encore Prepetition Natural Gas Contracts") that this Court had previously authorized the Debtors to reject under Bankruptcy Code Section 362(a) effective as of May 31, 2016. *See* the Rejection Order.

23. Prior to their rejection on May 31, 2016, the ABNE/Encore Prepetition Natural Gas Contracts had not been assumed by ABNE under Bankruptcy Code Section 365(a). *Cf* 11 U.S.C. §365(g)(1)(providing that in the case of an unassumed executory contract, rejection constitutes a breach of such contract "immediately before the date of the filing of the petition").

24. Based upon Debtors' books and records, Encore received payment in full for any and all post-petition natural gas and/or related services provided to ABNE under the ABNE/Encore Prepetition Natural Gas Contracts up through and including May 31, 2016.

25. Because it asserts a claim for alleged damages resulting from the rejection of the ABNE/Encore Prepetition Natural Gas Contracts, Claim No. 29-1 should be reclassified as a general, unsecured claim in accordance with the dictates of Bankruptcy Code Section 502(g). *See* 11 U.S.C. §502(g)(1)(providing that a claim arising from the rejection of an unassumed

7

executory contract shall be deemed to have "arisen before the date of the filing of the petition"); *U.S. v. Dewey Freight System, Inc.*, 31 F.3d 620, 624 (8th Cir. 1994)("Sections 365(g)(1) and 502(g) provide that, when an executory contract is rejected, damages on the contract that result from the rejection . . . receive the priority provided general unsecured creditors.  In other words, even if the debtor rejects [an executory contract] long after commencement of the Chapter 11 proceeding, the Bankruptcy Code declares that the damage caused by rejection is a pre-petition claim, so it will not burden the reorganizing enterprise.")(citations and quotations omitted).

26. Again, the foregoing is true even if—as has previously been alleged—the ABNE/Encore Prepetition Natural Gas Contracts constitute "forward contracts" as that term is defined in Bankruptcy Code Section 101(25).  *See* 11 U.S.C. 502(g)(2) (providing that any claim for damages resulting from the rejection and/or post-petition termination of a forward contract or other "safe harbor" contract shall likewise be deemed to have "arisen before the date of the filing of the petition.").

27. Accordingly, the GUC Liquidating Trustee maintains that Claim No. 29-1 should be reclassified and treated as a general, unsecured claim against ABNE.

## RESERVATION OF RIGHTS

28. By filing this Objection, the GUC Liquidating Trustee does not waive, and hereby expressly preserves, its rights to supplement or amend this Objection, or to file further objections, to assert other grounds for objecting to the Claims. Further, the GUC Liquidating Trustee does not waive the right to file objections to other claims on any grounds, including claims filed by the claimants. The GUC Liquidating Trustee also reserves all rights pursuant to Article IX.B.1 of the Plan to any and all defenses and counterclaims with respect to the Claims, including without limitation fraudulent transfer causes of action.

## COMPLIANCE WITH BANKRUPTCY RULE 3007

29. To the best of the GUC Liquidating Trustee's knowledge and belief, this Objection and related exhibits comply with Bankruptcy Rule 3007, as modified by the Claims Objection Procedures Order. To the extent this Objection does not comply in all respects with the requirements of Bankruptcy Rule 3007, the GUC Liquidating Trustee submits that any deviations are not material and respectfully request that those requirements from which the Objection deviates be waived.

## NOTICE

30. Consistent with Bankruptcy Rule 3007(a) and the Claims Objection Procedures Order the GUC Liquidating Trustee shall provide notice of this Objection to the addresses listed on Schedule 1. In light of the nature of the relief requested, the GUC Liquidating Trustee submits that no further notice is necessary.

## NO PRIOR REQUEST

31. No prior request for the relief sought in this Objection has been made to this Court or any other court in connection with these Chapter 11 Cases.

WHEREFORE, the GUC Liquidating Trustee respectfully request that the Court: (i) enter an order reclassifying the Claims listed on Schedule 1, as set forth therein; and (ii) grant such other and further relief as the Court may deem just and proper.

| | |
|---|---|
| Dated: August 2, 2021<br>      St. Louis, Missouri | Respectfully submitted,<br><br><u>/s/ David D. Farrell</u><br>**THOMPSON COBURN LLP**<br>Mark V. Bossi (MO #37008)<br>David D. Farrell (MO #39969)<br>One US Bank Plaza<br>St. Louis, Missouri 63101<br>Telephone: (314) 552-6000<br>Facsimile: (314) 552-7000<br>mbossi@thompsoncoburn.com<br><br>*and*<br><br>**HOGAN LOVELLS US LLP**<br>Erin Brady (admitted *pro hac vice*)<br>1999 Avenue of the Stars, Suite 1400<br>Los Angeles, CA 90067<br>Telephone: (310) 785-4600<br>erin.brady@hoganlovells.com<br><br>*Attorneys for the GUC Liquidating Trustee* |

## Exhibit A

The Daileader Declaration

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| In re:<br><br>ABENGOA BIOENERGY US HOLDING LLC, *et al.*,<br><br>Debtors. | Case No. 16-41161-659<br><br>(Jointly Administered)<br><br>Response Deadline: August 23, 2021<br>Hearing Date: September 13, 2021 |

**DECLARATION OF TIMOTHY DAILEADER
IN SUPPORT OF GUC LIQUIDATING TRUSTEE'S FORTY-FOURTH OMNIBUS
CLAIMS OBJECTION SEEKING TO RECLASSIFY CERTAIN CLAIMS**

I, Timothy Daileader, being duly sworn in, state the following under penalty of perjury:

      1.     I am the Authorized Representative of Drivetrain, LLC. The GUC Liquidating Trustee has duly authorized me to make and submit this declaration (the "Daileader Declaration") on its behalf and in support of the *GUC Liquidating Trustee's Forty-Fourth Omnibus Claims Objection Seeking to Reclassify Certain Claims* (the "Objection"),[1] filed pursuant to section 502(b) of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

      2.     Except as otherwise indicated, all facts set forth in this Declaration are based on my personal knowledge, upon information supplied to the GUC Liquidating Trustee or its professionals, or upon information learned from the review of relevant documents by me and people under my supervision.

      3.     If called upon to testify, I can and will testify competently to the facts set forth herein, including that I, as well as employees under my supervision or direction, personally reviewed the Debtors' books and records and Schedules. The GUC Liquidating Trustee disputes

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Objection.

the classification of the Claims and requests that these Claims be reclassified and allowed in the amount, priority and against the applicable Debtor set forth in Schedule 1.

      I, the undersigned, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated:   August 2, 2021                                                             _____
                                                                        Timothy Daileader

## Schedule 1

The Claims

**Reclassified Claims Register**
**Abengoa Liquidation Trust**
**Case No.: 16-41161** *et al*

| Creditor Name and Address | Case No. | Claim No. to be Reclassified | Debtor | Claim Date | Claim Type/ Amount | Basis for Reclassification |
|---|---|---|---|---|---|---|
| HAIN CAPITAL INVESTORS, LLC as Transferee of Encore Energy Services, Inc. Attn: Atara Magder 301 Route 17, 7th Floor Rutherford, NJ 07070 | 16-41165 | 47-1 | Abengoa Bioenergy Company, LLC | 9/19/2016 | General, Unsecured $ 229,317.71 | Claim 47-1 represents a rejection damage claim and, in accordance with the dictates of Bankruptcy Code Section 502(g), should be reclassified as a Class 2 general, unsecured claim against Abengoa Bioenergy Company, LLC, case no. 16-41165 |
| HAIN CAPITAL INVESTORS, LLC as Transferee of Encore Energy Services, Inc. Attn: Atara Magder 301 Route 17, 7th Floor Rutherford, NJ 07070 | 16-41163 | 29-1 | Abengoa Bioenergy of Nebraska, LLC | 9/19/2016 | General, Unsecured $ 278,378.44 | Claim 29-1 represents a rejection damage claim and, in accordance with the dictates of Bankruptcy Code Section 502(g), should be reclassified as a Class 2 general, unsecured claim against Abengoa Bioenergy on Nebraska, LLC, case no. 16-41163 |